1  SEYFARTH SHAW LLP
   Kenwood C. Youmans (SBN 68258)
2  David D. Kadue (SBN 113578)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION;

6

7

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  JESSE DRENCKHAHN, individually     )  Case No.  **CV08-01408**
    and on behalf of all others similarly )
12  situated,                          )  **NOTICE OF REMOVAL**
                                       )
13              Plaintiffs             )  **[FEDERAL QUESTION AND**
                                       )  **CLASS ACTION FAIRNESS**
14      v.                             )  **ACT]**
                                       )
15  COSTCO WHOLESALE                   )
    CORPORATION and DOE ONE            )  **"BY FAX"**
16  through and including DOE TEN,     )
                                       )
17              Defendants.            )
                                       )
18                                     )
                                       )
19

20      TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

21  DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND HIS COUNSEL OF

22  RECORD:

23      PLEASE TAKE NOTICE that Defendant, Costco Wholesale Corporation,

24  files this notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446,

25  asserting original federal jurisdiction under 28 U.S.C. Sections 1331, 1332(d)(2),

26  to effect the removal of the above-captioned action, which was commenced in the

27  Superior Court of the State of California in and for the County of Los Angeles, and

28  states that the removal is proper for the following reasons.

                        NOTICE OF REMOVAL

# BACKGROUND

1. On December 26, 2007, Plaintiff, Jesse Drenckhahn, individually and on behalf of all others similarly situated, filed a Complaint against Defendant in the Superior Court of the State of California, County of Los Angeles, Case No. BC 382911 (the "Complaint"). The Complaint is copied as Exhibit A.

2. The Complaint purports to assert seven claims for relief against Defendant stemming from Plaintiff's employment with Defendant and its alleged failure to observe, as to Plaintiff and a purported class of similarly situated individuals, requirements set forth in the Fair Labor Standards Act as well as California Labor Code Sections 226.7 (providing meal breaks, authorizing rest breaks), 203 (paying wages due upon termination of employment), 226 (itemizing wages), and 510 (paying premium wages for overtime work), and in Business & Professions Code Section 17200, *et seq.* (avoiding unfair competition).

# TIMELINESS OF REMOVAL

3. Defendant was served with the Summons and Complaint no earlier than January 29, 2008. The Summons is copied as Exhibit B.

4. This Notice of Removal is timely as it is filed within thirty (30) days of the first service on a defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

# FEDERAL QUESTION JURISDICTION – FLSA CLAIMS

5. The Court has original jurisdiction of this action under 28 U.S.C. section 1331, because Plaintiff has pleaded a federal question by averring (Complaint ¶¶ 69-73) that Defendant has violated the Fair Labor Standards Act, 29 U.S.C. § 207, by failing to pay Plaintiff premium wages for his overtime work.

# DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT

6. The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005, codified in relevant part in 28 U.S.C. Section

1332(d)(2).  As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. Section 1441(a), as the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a State different from that of the Defendant.

### Diverse Citizenship of the Parties

7.    **Plaintiff's Citizenship.**  Plaintiff alleges that he is a resident of the State of California who worked for Defendant in California from 1996 to 2006 (Complaint ¶ 13).  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).  Plaintiff is a citizen of California.

8.    **Defendant's Citizenship.**  Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington.

9.    **Doe Defendants.**  Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through ten, inclusive, does not deprive this Court of jurisdiction.

### Amount in Controversy and Number of Class Members

10.    The alleged amount in controversy in this class action exceeds, in the aggregate, Five-Million Dollars ($5,000,000), and the number of class members

exceeds 100. The Complaint alleges that the plaintiff class consists of 400 current or former Receiving Managers who have worked for Defendant in about 100 California retail-style warehouses at various times since April 1999 (Complaint ¶¶ 16, 33). The Complaint seeks recovery of wages, liquidated damages, interest, and statutory penalties (Complaint ¶¶ 102-123). As set forth below, the amount of controversy implicated by the class-wide allegations exceeds Five Million Dollars ($5,000,000).

**(A) Unpaid Overtime Compensation.** Plaintiff alleges that Defendant worked Receiving Managers at least 45 hours per week without paying them overtime compensation, and claims unpaid overtime compensation back through April 1999. Defendant avers that Receiving Managers earn at least $25 per hour and work roughly 50 weeks per year. For unpaid overtime compensation alone, then, the amount in controversy would exceed the sum of (100 warehouses) X (one Receiving Manager per warehouse) X (8.5 years of class period) X (50 weeks/year) X (five overtime hours/week) X ($25/hour) X (1.5 overtime premium multiplier) = **$7,968,750**.

**(B) Liquidated Damages.** Plaintiff seeks liquidated damages (Complaint ¶ 108), which would be 100% of the unpaid overtime compensation. These damages would double the amount in controversy to over **$15 million**.

**(C) California Labor Code § 226(e).** The Complaint alleges that Defendant failed to provide class members with proper itemized wage statements, in violation of California Labor Code Section 226 (Complaint ¶¶ 65-66). The penalty under Labor Code Section 226(e) is $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per each of 400 class members. Because class members were paid biweekly over the seven-plus year period alleged in the Complaint, there would be roughly 18,200 (7 X 26 X 100) violations, triggering

NOTICE OF REMOVAL

penalties of up to $100 per violation.  The maximum penalty, however, is $4,000 per employee for each of 400 class members, imposing an aggregate limit of about $1.6 million.

11.  Although the foregoing alone establishes to a legal certainty that the amount in controversy exceeds $5 million, it should also be noted that Plaintiff seeks separate payments for 1) denial of meal periods and 2) denial of rest breaks (Complaint ¶¶ 74-80).  The money owed for each denied meal period or rest break is one hour of pay.  Assuming conservatively that Plaintiff alleges just one rest or meal break denied per week, the money owed for the alleged denial of meal or rest breaks would amount to (100 warehouses) X (one Receiving Manager per warehouse) X (8.5 years of class period) X (50 weeks/year) X (one missed meal or rest break per week) X ($25/hour) = **$1,062,500**.  Further, Plaintiff seeks interest and attorney's fees, which must also be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

12.  Because diversity of citizenship exists, the Plaintiffs being citizens of the State of California and the Defendant being a citizen of the State of Washington, and because the amount in controversy exceeds Five Million Dollars ($5,000,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2).  This action is therefore a proper one for removal to this Court.

## VENUE

13.  Venue lies in the Central District of this Court pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(c)(2).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, and Plaintiffs reside in the County of Los Angeles, California.

**NOTICE OF REMOVAL**

14.     This Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

15.     In compliance with 28 U.S.C. Section 1446(a), we have attached a copy of the state-court papers served herein—the Complaint (Exhibit A), the Summons (Exhibit B).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, Western Division.

DATED:   February 28, 2008                                 SEYFARTH SHAW LLP

By _____
                                                          David D. Kadue

Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION

# EXHIBIT A

1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, California 90036
   Telephone: 323.931.3777
4  Facsimile: 323.931.3366
   law@harrisandruble.com
5  dzelenski@harrisandruble.com

6  Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 26 2007

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF LOS ANGELES

11                     CENTRAL DISTRICT

                                        BC 582911

12

| | |
|---|---|
| 13  JESSE DRENCKHAHN, individually and on behalf of all others similarly situated, | Case No. BC |
| 14 | **COMPLAINT** |
| 15          Plaintiff, | *[Class-Action Complaint]* |
| 16     v. | 1.  Failure to Pay Overtime Compensation, California Labor Code |
| 17  COSTCO WHOLESALE CORPORATION and DOE ONE | 2.  Failure to Provide Accurate Itemized Wage Statements |
| 18  through and including DOE TEN | 3.  Failure to Pay Overtime Compensation, Fair Labor Standards Act |
| 19          Defendants. | 4.  Failure to Provide Adequate Meal Periods |
| 20 | 5.  Failure to Provide Adequate Rest Periods |
| 21 | 6.  Continuing Wages |
| 22 | 7.  Violations of Section 17200 *et seq.* of the California Business and Professions Code |
| 23 | |
| 24 | **DEMAND FOR JURY TRIAL** |

25

26

27

28

1

1    Plaintiff, Jesse Drenckhahn, by and through his undersigned attorneys, alleges as

2    follows:

3                                **JURISDICTION AND VENUE**

4        1.    This is a civil action seeking continuing wages, restitution, injunctive relief,

5    damages and attorneys' fees and costs by reason of Defendants' violations of various

6    sections of the California Labor Code and section 17200 *et seq.* of the California

7    Business and Professions Code.

8        2.    This Court has personal jurisdiction over Defendant Costco Wholesale

9    Corporation ("Costco") by virtue of Costco's transacting, doing, and soliciting

10   business in the County of Los Angeles, as well as because a substantial part of the

11   relevant events occurred in this District.

12       3.    Venue as to Defendants is proper in this judicial district, pursuant to

13   California Business & Professions Code section 17203 and California Code of Civil

14   Procedure sections 395(a) and 395.5. Each Defendant maintains an office, transacts

15   business, has an agent, or is found in the County of Los Angeles and is within the

16   jurisdiction of this Court for purposes of service of process. The unlawful acts alleged

17   herein had a direct effect on Costco employees within the State of California.

18                               **NATURE OF THE CASE**

19       4.    This Complaint asserts claims against Costco for violations of

20   California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 515, 1174,

21   and 1198; violations of the relevant Wage Order of the Industrial Welfare Commission;

22   violations of section 17200 *et seq.* of the California Business and Professions Code; and

23   violations of the Fair Labor Standards Act ("FLSA").

24       5.    This action is brought as a class action on behalf of all individuals who, at

25   any time during the four years preceding the filing of the original Complaint in Randall

26   v. Costco Wholesale Corporation, Los Angeles Superior Court (Case No. BC 236369),

27   through the present, were or have been employed as Receiving Managers by Costco

28

1    within the State of California.[1]  This action is also brought as a collective action on
2    behalf of all individuals who, at any time during the three years preceding the filing of
3    this Complaint, were or have been employed as Receiving Managers by Costco.
4         6.    Costco owns and operates retail warehouse distribution centers nationwide
5    and has approximately one-hundred such warehouses located throughout the State of
6    California.
7         7.    At all times relevant hereto, sections 510, 515, 1194, and 1198 of the
8    California Labor Code and 8 California Code of Regulations section 11070[2] required (1)
9    the payment of wages equal to one-and-one-half times an employee's regular rate of
10   pay for all hours worked in excess of eight per day or forty per week and (2) the
11   payment of wages equal to double the employee's regular rate of pay for all hours
12   worked in excess of twelve per day and for all hours worked in a excess of eight on the
13   seventh day of work in any one workweek.  As alleged in Randall and herein, Costco has
14   intentionally and improperly designated many of its managers as "exempt" from the
15   overtime laws in order to avoid paying overtime wages and other benefits.
16        8.    Similarly, at all times relevant hereto, the FLSA provided:
17            [N]o employer shall employ any of his employees who in any workweek is
18            engaged in commerce or in the production of goods for commerce, or is
19            employed in an enterprise engaged in commerce or in the production of
20            goods for commerce, for a workweek longer than forty hours unless such
21            employee receives compensation for his employment in excess of the hours
22            above specified at a rate not less than one and one-half times the regular rate
23            at which he is employed
24   29 U.S.C. § 207(a)(1).
25        9.    At all time relevant hereto, sections 226, 1174, and 1174.5 of the
26
27   _____
     [1] Plaintiff contends that Randall—an overtime action that was originally filed against
     Costco on behalf of all managers—tolled the statute of limitations.
28   [2] Section 11070 sets forth the relevant Industrial Welfare Commission Wage Order.

1  California Labor Code required employers to keep records of and provide employees
2  with itemized wage statements showing the total hours worked.  As alleged herein,
3  Costco has intentionally and improperly designated its managers as "exempt" in
4  order to avoid keeping records of and providing employees with itemized wage
5  statements that show the actual total hours worked.

6      10.    At all times relevant hereto, sections 226.7 and 512 of the California
7  Labor Code, as well as 8 California Code of Regulations section 11070, required
8  employers to provide employees with a first meal period of not less than thirty minutes,
9  during which the employees are to be relieved of all duty, before the employees work
10  more than five hours per day.  Sections 226.7 and 512 of the California Labor Code, as
11  well as 8 California Code of Regulations section 11070, also required employers to
12  provide a second meal period of not less than thirty minutes, during which the are
13  again to be relieved of all duty, before the employees work more than ten hours per
14  day.  Similarly, sections 226.7 and 512 of the California Labor Code, as well as 8
15  California Code of Regulations section 11070, required employers to provide
16  employees with ten-minute rest periods, during which the employees are relieved of all
17  duty, for each four hours of work.  As alleged herein, Costco has intentionally and
18  improperly failed to provide meal and rest periods to its managers in violation of the
19  California Labor Code and California Code of Regulations.

20      11.    Costco reclassified from "exempt" to "salaried non-exempt" the
21  managers of the following departments:  Meat, Bakery, Facilities, Optical, Hearing
22  Aid, Photo Lab, Tire Center, Service Deli, and Food Court.  After Costco reclassified
23  these managers from "exempt" to "salaried non-exempt," it paid them for working ten
24  hours of overtime per week.

25      12.    In this class action, Plaintiff seeks, for himself and all others similarly
26  situated, injunctive relief in the form of an order prohibiting Costco from requiring
27  Receiving Managers who do not meet the statutory and regulatory guidelines for
28  exemption from working more than eight hours in a day and forty hours in a week

1  without the following:  the payment of overtime wages, the provision of accurate

2  itemized wage statements, the provision of adequate meal and rest periods, and the

3  payment of all wages due and owing promptly upon discharge or resignation.

4  Plaintiff also seeks the payment of restitution and/or disgorgement of all sums

5  wrongfully obtained by Costco in violation of section 17200 *et seq.* of the California

6  Business and Professions Code.

### PARTIES

7

8      13.    Plaintiff resides in the County of Los Angeles, State of California.  From

9  approximately November 1996 through approximately October 1997, Plaintiff was

10  employed by Costco at a warehouse store located in Northridge, California.  During

11  that period of time, he worked as an hourly employee.  Plaintiff then worked as deli

12  manager at the Van Nuys store from approximately October 1997 to October 1998,

13  Afterwards, from approximately October 1998 through May 1999, he worked as an

14  assistant front-end manager at the warehouse store in Van Nuys, California.  In May

15  1999, he transferred to the newly opened Culver City store as an assistant front-end

16  manager.  Thereafter, he held various other positions—for example, night manager and

17  front-end senior manager—until he became a Receiving Manager at the Culver City

18  store in approximately February 2002.  In approximately August 2003, Plaintiff was

19  transferred to the Hawthorne, California warehouse store, where he was the Receiving

20  Manager until late 2005.  In 2005, Plaintiff was accepted for training as a police officer

21  for the Los Angeles Police Department.  Accordingly, Plaintiff cut his hours back and

22  worked as an hourly Costco employee.  Plaintiff has not worked for Costco since 2006,

23  having accepted full-time employment with the Los Angeles Police Department.

24      14.    Costco was and is a corporation organized and existing under the laws of

25  the State of Washington.  Costco was and is doing business in approximately one-

26  hundred locations in the State of California, with locations dispersed throughout

27  Northern and Southern California, including the County of Los Angeles.  At all

28  relevant times herein, Costco served as the employer of Plaintiff and Class

5

1    Members.

2        15.    Plaintiff is ignorant of the true names and capacities of the Defendants sued

3    herein as Does One through Ten, but Plaintiff will seek leave to amend this Complaint to

4    allege their true names and capacities once they are ascertained.  Upon information

5    and belief, Plaintiff makes all allegations contained in this Complaint against all of the

6    Defendants, including Does One through Ten.

7                                    **FACTUAL BACKGROUND**

8        16.    Costco operates an international chain of membership warehouses that carry

9    brand-name products at lower prices than those typically found at conventional

10   wholesale or retail stores.  As of November 2007, Costco operated 523 warehouses

11   worldwide.  Approximately one hundred of those stores are located in the State of

12   California.

13       17.    Costco sells food, beverages, appliances, automotive supplies, tires, beauty

14   aids, candy, tobacco, office equipment, and many other items for small-to-medium-

15   sized businesses, as well as for members' individual use.  In addition to the scores of

16   hourly employees working for Costco in California, each warehouse employs

17   approximately ten to twenty department managers who are paid an annual salary.

18       18.    Costco organizes its warehouses into operating departments.  The

19   following are examples of the operating departments found at some or all of the

20   warehouses in California:  Meat, Bakery, Facilities, Optical, Hearing Aid, Photo Lab,

21   Tire Center, Service Deli, Food Court, Fresh Foods, Merchandising, Administration,

22   Front End, Receiving, Foods, Non-Foods, Hardlines, Center, Membership, and

23   Pharmacy.  Costco employs one manager for each department, except for

24   Merchandising, which employs three to four managers to the extent that other

25   departments, such as Center, Fresh Foods, and Hardlines, are considered part of the

26   Merchandising department.

27       19.    According to Costco, it is able to offer lower prices and better values by

28   eliminating virtually all the frills and costs historically associated with conventional

1   wholesalers and retailers.  Costco runs a tight operation with extremely low overhead

2   which enables it to pass on dramatic savings to its members.  One reason that its

3   overhead is so low is because Costco has misclassified certain employees as exempt

4   managers in order to avoid costly labor laws.

5     20. Although Costco labels certain employees as "managers" in order to

6   exempt them from state labor laws, Costco managers spend the majority of their time

7   working on the floor, preparing the products, restocking the products on the shelves,

8   cleaning, handling customer inquiries, working the cash register, and conducting

9   other non-managerial duties.  In fact, "managers" spend over fifty percent of each shift

10   performing tasks that are identical to those of non-salaried Costco employees.  Many

11   times, managers work long after the warehouse closes in order to complete the clean-

12   up duties alongside the hourly workers.  The primary difference between Costco's

13   hourly workers and its managers is that the managers work more than forty hours per

14   week without receiving overtime compensation and adequate meal and rest breaks.

15     21. Plaintiff and other Receiving Managers, for example, worked at least forty-

16   five to fifty hours per week, yet their managerial duties required a small fraction of their

17   total time.  Plaintiff and other Receiving Managers performed these managerial duties

18   in spare moments between his non-managerial duties.  Indeed, Costco's job

19   description for the Manager of the Receiving Department indicated that the

20   manager may perform duties of subordinates to maintain production or to replace

21   absent workers.  However, in practice, a Receiving Manager spends the majority of

22   time at work performing the duties of subordinates in order to keep the department

23   operational.  Furthermore, Costco describes the key requirements of the position as

24   including the ability to perform job functions that are also primary job functions

25   executed by hourly workers.  Accordingly, regardless of the title, the Receiving

26   Manager and the hourly workers in the department carried out the same duties.

27     22. Costco managers are given a payroll budget within which to "manage" their

28   departments.  However, managers quickly realize that the only way to meet budgetary

7

1   constraints is to work at least fifty hours per workweek and to spend those hours

2   working alongside hourly-rate employees.  Moreover, managers perform the duties of

3   sick or otherwise absent employees, instead of hiring additional employees, to remain

4   within budget.  Indeed, the failure to remain within budget gives rise to negative

5   employee reviews and can ultimately result in termination.

6          23.    Plaintiff and other managers were forced to work at least ten, and often as

7   many as twelve, hours per day.  Although Costco knew this, it permitted and/or

8   encouraged "managerial" employees to forego taking adequate meal and rest breaks.

9          24.    Plaintiff, for example, usually worked as Receiving Manager from on or

10  before 4:00 a.m. to late in the afternoon.  Plaintiff always ate lunch while working.

11  Moreover, Plaintiff was unable to take breaks at all, much less rest breaks during which

12  he was relieved of all duty.  Receiving managers were expected to be on call at all times

13  while the building was accepting deliveries, and if they had to leave the premises, they

14  were required to secure permission to do so.

15         25.    At all relevant times, managers' weekly hours increased after Labor Day,

16  in preparation for and during the holiday season (between Thanksgiving and the New

17  Year).  For example, Plaintiff worked over fifty hours a week during workweeks in

18  September, October, November, December, and January each year of his employment

19  at Costco.

20         26.    Twice each year, Costco warehouses conduct a warehouse inventory.

21  Employees spend approximately one month in advance of the event making plans and

22  carrying out preparations for the inventory, including tagging merchandise in

23  preparation for the inventory.  Managers spend the week before the actual inventory

24  working even longer hours with only one day off.  The inventory process, which

25  entails counting and recounting every item in the warehouse, occurs after regular

26  business hours and continues late into the night.  Most employees, managers, and

27  hourly workers alike are staffed to carry out the task.  On the Saturday night of the

28  actual count, managers work over thirteen hours and are generally scheduled to

return early Sunday morning to work a full shift in order to recount the inventory and correct any mistakes. Plaintiff, for example, worked twelve to fourteen hours a day for entire weeks at a time during Costco's inventory weeks. All of the inventory tasks are carried out in addition to regular work assignments. The hourly workers are not typically asked to return on Sunday to complete the inventory process because the hourly workers receive time-and-a-half pay on Sundays.

27. Each year that Costco misclassifies its managers as "exempt" or requires "salaried non-exempt" managers to work overtime hours off the clock without taking adequate meal and rest breaks, Costco violates California labor laws by failing to compensate its managers for overtime hours worked and meal and rest periods not taken. As a result, Costco increases its profitability and keeps its overhead to a minimum level—all at the expense of its managers.

28. Again, sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070 provide that employees in California shall not be employed more than eight hours in any work day nor more than forty hours in any workweek without receiving additional compensation beyond their regular wages in amounts specified by law. Similarly, the FLSA provides that employees shall not be employed more than forty hours in one workweek without receiving additional compensation beyond their regular wages in amounts specified by law.

29. Also, sections 226, 1174, and 1174.5 of the California Labor Code, as well as 8 California Code of Regulations section 11070, provide that employers must keep employee time records and must provide employees with itemized wage statements showing actual total hours worked.

30. Furthermore, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, provide that an employee in California must receive a first meal period of not less than thirty minutes before working more than five hours, a second period of not less than thirty minutes before working more than ten hours per day, and rest periods of ten minutes for each four

1  hours of work.  If such breaks are not provided, then the employer must pay one

2  additional hour of pay at the employee's regular rate of compensation for each work

3  day that a meal period is not provided and for each work day that a rest period is not

4  provided.

5      31.    Costco's conduct of requiring additional work from Plaintiff and Class

6  Members in the absence of overtime pay, knowingly and intentionally failing to

7  provide accurate itemized wage statements, failing to provide adequate meal and rest

8  periods, and willfully failing to pay wages earned and unpaid promptly upon employees'

9  termination or resignation violates the above-referenced provisions of California law

10  and also constitutes unfair competition and unlawful, unfair, and fraudulent acts and

11  practices within the meaning of section 17200 et seq. of the California Business and

12  Professions Code.

13                **CLASS-ACTION ALLEGATIONS**

14      32.    Plaintiff brings this action individually and as a class action on behalf of the

15  Class defined as follows:  All persons who, at any time during the period from May 1999

16  to the present, were employed at a Costco warehouse store located in the State of

17  California as a Receiving Manager.  Plaintiff reserves the right to modify the definition of

18  the Class after further discovery.  This action is brought and may properly be maintained as

19  a class action pursuant to section 382 of the California Code of Civil Procedure.  This class

20  action satisfies the numerosity, typicality, adequacy, predominance, and superiority

21  requirements of those provisions.

22      33.    **Numerosity of the Class.**  The Members of the Class are so numerous

23  that the individual joinder of all of them is impracticable.  Although the exact number

24  and identities of Class Members are unknown to Plaintiff at this time and can only

25  be ascertained through appropriate discovery directed to defendants, Plaintiff

26  believes and therefore alleges that there are approximately four-hundred Members of

27  the Class.

28      34.    **Typicality of Claims.**  Plaintiff's claims are typical of the claims of

                           10
                    COMPLAINT

1   Members of the Class, and Plaintiff's interests are consistent with and not

2   antagonistic to those of the other Class Members whom he seeks to represent.

3   Plaintiff and all Members of the Class have sustained damages and face irreparable

4   harm arising from Costco's common course of conduct as complained of herein.

5   The damages sustained by each Member of the Class were caused directly by Costco's

6   wrongful conduct, as alleged herein.

7        35.    **Adequacy of Representation.**  Plaintiff will fairly and adequately

8   protect the interests of Members of the Class. His claims are not antagonistic to those

9   of Class Members. Also, Plaintiff has retained attorneys who are experienced in the

10  prosecution of class actions, including employment class actions, and Plaintiff

11  intends to prosecute this action vigorously.

12       36.    **Community of Interest; Existence and Predominance of Common**

13  **Questions of Law or Fact.**  Common questions of fact and law exist as to all

14  Members of the Class that predominate over any questions affecting only individual

15  Members of the Class.  These common legal and factual questions do not vary among

16  Class Members and may be determined without reference to the individual circumstances

17  of any Class Member.  The questions include, but are not limited to, the following:

18            (a)    Whether each Costco Receiving Manager was classified as exempt

19  in violation of the California Labor Code and California Code of Regulations.

20            (b)    Whether Costco failed to pay overtime wages to each and every Costco

21  Receiving Manager by virtue of Costco's designation of them as "exempt" in violation

22  of sections 510, 515, 1194, and 1198 California Labor Code and 8 California Code of

23  Regulations section 11070.

24            (c)    Whether Costco failed to pay overtime wages to each and every

25  Costco Receiving Manager by requiring subsequently reclassified "non-exempt"

26  managers to work off the clock without overtime pay in violation of sections 510,

27  515, 1194, and 1198 of the California Labor Code and 8 California Code of

28  Regulations section 11070.

1         (d)   Whether Costco failed to provide accurate itemized wage

2   statements to each and every Costco Receiving Manager in violation of sections 226,

3   226.3, 1174, and 1174.5 of the California Labor Code and 8 California Code of

4   Regulations section 11070.

5         (e)   Whether Costco failed to provide adequate meal and rest periods to

6   each an every Costco Receiving Manager in violation of sections 512 and 226.7 of the

7   California Labor Code and 8 California Code of Regulations section 11070.

8         (f)   Whether Costco failed to pay all wages in a timely fashion upon

9   each and every Costco Receiving Manager's discharge from or resignation of

10  employment in violation of sections 201 and 202 of the California Labor Code.

11        (g)   Whether the employment agreement of each and every Class

12  Member was a standardized, form agreement that was unilaterally drafted by Costco.

13        (h)   Whether Costco's conduct constitutes unlawful, unfair, or fraudulent

14  business practices.

15        (i)   Whether Costco's conduct constitutes unfair competition;

16        (j)   Whether Class Members are entitled to injunctive relief prohibiting

17  Costco from not providing managers, who do not meet the statutory and regulatory

18  guidelines for exemption, from working more than eight hours a day or more than forty

19  hours a week without the payment of overtime wages.

20        (k)   Whether Class Members are entitled to injunctive relief prohibiting

21  Costco from not providing Receiving Managers, who do not meet the statutory and

22  regulatory guidelines for exemption, with accurate itemized wage statements showing

23  the total hours worked during each pay period.

24        (l)   Whether Class Members are entitled to injunctive relief prohibiting

25  Costco from not providing Receiving Managers with adequate meal and rest periods.

26        (m)   Whether Class Members are entitled to injunctive relief prohibiting

27  Costco from not providing Receiving Managers with all wages earned and unpaid

28  promptly upon termination or resignation.

1    (n)    Whether Class Members are entitled to equitable relief in the
2    form of restitution for Costco's requiring Receiving Managers, who do not meet the
3    statutory and regulatory guidelines for exemption, to work more than eight hours a day
4    or more than forty hours a week without the payment of overtime wages.

5    (o)    Whether Class Members are entitled to equitable relief in the
6    form of restitution for Costco's not providing Receiving Managers with accurate
7    itemized wage statements.

8    (p)    Whether Class Members are entitled to equitable relief in the form of
9    restitution for Costco's not providing Receiving Managers with adequate meal and rest
10   periods.

11   (q)    Whether Class Members are entitled to equitable relief in the form of
12   restitution for Costco's not providing Receiving Managers with all wages earned
13   and unpaid promptly upon termination or resignation.

14   37.   **Superiority.** A class action is superior to other available methods for the
15   fair and efficient adjudication of this controversy because individual litigation of the
16   claims of all Class Members is impracticable.  Even if every Class Member could
17   afford individual litigation, the court system could not.  It would be unduly burdensome
18   to the courts in which individual litigation of numerous cases would proceed.  Moreover,
19   individualized litigation would present the potential for varying, inconsistent, or
20   contradictory judgments, and it would magnify the delay and expense to all parties
21   and to the court system resulting from multiple trials of the same factual issues. By
22   contrast, the conduct of this action as a class action, with respect to some or all of
23   the issues presented herein, presents few management difficulties, conserves the
24   resources of the parties and of the court system, and protects the rights of each Class
25   Member.  Plaintiff anticipates no difficulty in the management of this action as a class
26   action.

27   38.   The prosecution of separate actions by individual Class Members may
28   create a risk of adjudications with respect to them that would, as a practical

1   matter, be dispositive of the interests of the other Class Members not parties to such

2   adjudications or that would substantially impair or impede the ability of such non-

3   party Class Members to protect their interests.

4       39.    The prosecution of individual actions by Class Members would establish

5   inconsistent standards of conduct for Costco.

6       40.    Costco has acted or refused to act in respects generally applicable to the

7   Class, thereby making appropriate final and injunctive relief or corresponding

8   declaratory relief with regard to Members of the Class as a whole, as requested herein.

9   Likewise, Costco's conduct as described above is unlawful, continuing, and capable

10  of repetition, and it will continue unless restrained and enjoined by the Court.

11      41.    In addition to asserting class-action claims, pursuant to California

12  Business and Professions Code section 17200 *et seq.*, Plaintiff asserts a claim on behalf

13  of the general public.  Plaintiff seek to enjoin Costco from engaging in the unfair,

14  unlawful, and/or deceptive business practices alleged in this Complaint, as well as to

15  require Costco to pay restitution of all monies wrongfully obtained by it through its

16  unfair, unlawful, and/or deceptive business practices.  A representative action is

17  necessary and appropriate because Costco has engaged in the wrongful acts described

18  herein as a general business practice.

19              **FLSA COLLECTIVE-ACTION ALLEGATIONS**

20      42.    Plaintiff seeks to represent all natural persons who, at any time during the

21  period from three years prior to the filing of this Complaint to the present worked at a

22  Costco warehouse store as a Receiving Manager.

23      43.    Plaintiff is similarly situated to the Collective-Action Members in that

24  Plaintiff and the Collective-Action Members were employed by Costco and in that

25  Costco did not pay Plaintiff and the Collective-Action Members their overtime wages

26  due.

27      44.    This action is maintainable as an "opt-in" collective action pursuant to 29

28  U.S.C. § 216(b).

45.     All Collective-Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Compensation, California Labor Code)

46.     The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

47.     Pursuant to Labor Code section 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer in Plaintiff's name without first filing a claim with the Department of Labor.

48.     At all times herein relevant, the sections of the California Labor Code and of the California Code of Regulations referenced herein applied to the employment of Plaintiff and Class Members.

49.     Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the California Code of Regulations.

50.     At all times herein relevant, sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070 provided for the payment of overtime wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked over eight per day or forty per week, as well as for the payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of twelve in any day and for all hours worked in excess of eight on the seventh day of work.

51.     Costco has intentionally and improperly designated certain employees, including Plaintiff and the Members of the Class, as "exempt" Receiving Managers in order to avoid paying overtime wages and other benefits.

52.     According to 8 California Code of Regulations section 11070:

1.     Applicability of Order: This order shall apply to all persons

employed in the mercantile industry whether paid on a time, piece rate, commission, or other basis, except that: (A) Provisions of Sections 3 through 12 of this order shall not apply to persons employed in administrative, executive, or professional capacities.[3] The following requirements shall apply in determining whether an employee's duties meet the test to qualify for an exemption from those sections: (1) Executive Exemption. A person employed in an executive capacity means any employee: (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and (b) Who customarily and regularly directs the work of two or more other employees therein; and (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and (d) Who customarily and regularly exercises discretion and independent judgment; and (e) Who is primarily engaged in duties which meet the test of the exemption. . . . (f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. . . . (2) Administrative Exemption. A person employed in an administrative capacity means any employee: (a) Whose duties and responsibilities involve either: (i) The performance of office or non-manual work directly related to management policies or general business operations of his/her employer or their employer's customers; or (ii) The performance of functions in the administration of a school system, or educational establishment or

---

[3] The term "professional" includes those engaged in the following recognized professions: law, medicine, dentistry, optometry, architecture, engineering, teaching, accounting, or a learned or artistic profession as defined by the regulations. By definition, this exemption does not apply to Plaintiff and Members of the Class, so additional references to it are omitted.

1   institution, or of a department or subdivision thereof, in work directly
2   related to the academic instruction or training carried on therein; and (b)
3   Who customarily and regularly exercises discretion and independent
4   judgment; and (c) Who regularly and directly assists a proprietor, or an
5   employee employed in a bona fide executive or administrative capacity (as
6   such terms are defined for purposes of this section); or (d) Who performs
7   under only general supervision work along specialized or technical lines
8   requiring special training, experience, or knowledge; or (e) Who executes
9   under only general supervision special assignments and tasks; and (f) Who
10  is primarily engaged in duties that meet the test of the exemption. . . . (g)
11  Such employee must also earn a monthly salary equivalent to no less than
12  two (2) times the state minimum wage for full-time employment. . . .
13      2.   Definitions.  (E) "Employee" means any person employed by
14  an employer, and includes any lessee who is charged rent, or who pays rent
15  for a chair, booth, or space; and (1) Who does not use his/her own funds to
16  purchase requisite supplies; and (2) Who does not maintain an appointment
17  book separate and distinct from that of the establishment in which the space
18  is located; and (3) Who does not have a business license where applicable.
19  (F) "Employer" means any person as defined in section 18 of the Labor
20  Code, who directly or indirectly, or through an agent or any other person,
21  employs or exercises control over the wages, hours, or working conditions
22  of any person.  (G) "Hours worked" means the time during which an
23  employee is subject to the control of an employer, and includes all the time
24  the employee is suffered or permitted to work, whether or not required to do
25  so.  (H) "Mercantile Industry" means any industry, business, or
26  establishment operated for the purpose of purchasing, selling, or distributing
27  goods or commodities at wholesale or retail; or for the purpose of renting
28  goods or commodities. . . . (K) "Primarily" as used in Section 1,

1    Applicability, means more than one-half the employee's work time.

2        53.    Employees who are designated as Receiving Managers by Defendant for

3    its warehouses are not "exempt" employees under IWC Wage Orders because:

4            (a)    Less than fifty percent of their work hours are spent on intellectual,

5    managerial, or creative duties.

6            (b)    More than fifty percent of their labor hours are spent performing

7    non-exempt duties, including, but not limited to, operating forklifts and similar

8    equipment.  Costco's non-exempt employees also perform each of these duties on a

9    daily basis.

10            (c)    Managers do not have discretion or independent judgment within

11    their positions because they must follow comprehensive company-wide policies that

12    govern a warehouse's operations.

13            (d)    Managers do not set salaries for their department workers, they have

14    limited authority to hire and fire employees, they cannot contract on behalf of the

15    corporation, and they are strictly prohibited from setting any policy or procedure that

16    may bind or affect Costco in any way.

17        54.    During their employment with Defendant, Plaintiff and Members of the

18    Class were required to work a minimum of fifty hours a week, broken out into at least

19    five ten-hour shifts per workweek, without the payment of overtime wages and other

20    benefits.

21        55.    Furthermore, Plaintiff and the Members of the Class were regularly and

22    customarily expected to work extra shifts if the turnover rate was high and there

23    were fewer workers than needed.

24        56.    Typical requirements for a single Costco were and are that each

25    warehouse must have one manager for each of its departments.  Because of the hours

26    managers are required to work, it is anticipated that a manager is working and on the

27    premises of the warehouse during operating hours each day of the week.  Because

28    Costco is open for at least ten hours each weekday, managers are required to work

1    at least fifty hours per week.

2        57.    Under the provisions of sections 510, 515, 1194, and 1194 of the California

3    Labor Code and 8 California Code of Regulations section 11070, Plaintiff and each

4    employee designated as a Receiving Manager should have received overtime wages

5    in a sum according to proof.

6        58.    By failing to keep adequate time records required by Labor Code section

7    1174, Defendant has made it difficult to calculate the overtime compensation due

8    Plaintiff and each Receiving Manager.

9        59.    Costco owes Plaintiff and each Receiving Manager overtime wages

10   pursuant to sections 510, 515, 1194, and 1198 of the California Labor Code and 8

11   California Code of Regulations section 11070 according to proof at trial of the hours

12   worked for the period of time from four years prior to the filing of the Complaint in

13   Randall to date.

14       60.    Costco has failed and refused, and continues to fail and refuse, to pay

15   Plaintiff and Members of the Class the amounts that are owed.  Costco's failure to pay

16   Plaintiff and each Receiving Manager who has quit his or her employment with Costco

17   or whose employment has been terminated by Costco violates California Labor Code

18   sections 201 and 202, which therefore subjects Costco to continuing-wages liability

19   pursuant to section 203 of the California Labor Code for the period of time from four

20   years prior to the filing of the Complaint in Randall to date.

21       61.    Plaintiff is informed, believes, and thereon alleges that Costco knew or

22   should have known that the Receiving Managers did not qualify as exempt

23   employees and purposely elected not to pay them for their overtime labor.

24       62.    Plaintiff, individually and on behalf of others similarly situated, requests

25   payment of overtime compensation according to proof, interest, attorney's fees, and

26   costs pursuant to Labor Code section 1194(a).

27       63.    Plaintiff and the Class also request relief as described below.

28

## SECOND CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements)

64. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

65. At all times herein relevant, section 226 of the California Labor Code and 8 California Code of Regulations section 11070 required that employers provide employees with itemized wage statements showing the applicable hourly rates, hours worked at each rate, and total hours worked. Moreover, Labor Code section 226(e) provided that, if an employer knowingly and intentionally fails to provide a statement itemizing the applicable hourly rates, hours worked at each rate, and total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a maximum of $4,000.

66. Costco has knowingly and intentionally failed to furnish Plaintiff and Class Members with timely, itemized statements showing the applicable hourly rates, hours worked at each rate, and total hours worked by each them. As a result, Costco is liable to Plaintiff and the other managers for the amounts provided by Labor Code section 226(e) for the period of time from the three years prior to the filing of the Complaint in Randall to date.

67. Reserved.

68. Plaintiff and the Class request relief as described below.

## THIRD CAUSE OF ACTION

### (Failure to Pay Overtime Compensation, Fair Labor Standards Act)

69. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

70. Again, at all times herein relevant, the FLSA provided:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

1   employed in an enterprise engaged in commerce or in the production of
2   goods for commerce, for a workweek longer than forty hours unless such
3   employee receives compensation for his employment in excess of the hours
4   above specified at a rate not less than one and one-half times the regular rate
5   at which he is employed.
6   29 U.S.C. § 207(a).
7       71.   Costco has intentionally and improperly designated certain employees,
8   including Plaintiff and the Members of the Class, as "exempt" Receiving Managers in
9   order to avoid paying overtime wages and other benefits.
10       72.   During their employment with Costco, Plaintiff and Members of the Class
11   were required to work a minimum of fifty hours a week, broken out into at least five ten-
12   hour shifts per workweek, without the payment of overtime wages and other benefits.
13       73.   Accordingly, Plaintiff, individually and on behalf of others similarly
14   situated, requests payment of overtime compensation according to proof, attorney's
15   fees, and costs pursuant to 29 U.S.C. § 216(b).

16   <u>**FOURTH CAUSE OF ACTION**</u>

17   **(Failure to Provide Adequate Meal Periods)**

18       74.   The preceding paragraphs of this Complaint are re-alleged and incorporated
19   by reference.
20       75.   At all times herein relevant, section 226.7 of the California Labor Code and
21   8 California Code of Regulations section 11070 provided that employees must receive a
22   first meal period of not less than thirty minutes before working more than five hours per
23   day and a second meal period of not less than thirty minutes before working more than
24   ten hours per day.
25       76.   Because Costco failed to provide the required meal breaks to Plaintiff and
26   other Receiving Managers, its is liable to them for one hour of additional pay at the
27   regular rate of compensation for each workday that the proper meal periods were not
28   provided, pursuant to Labor Code section 226.7 and California Code of Regulations

1   section 11070, for the period of time from the three years prior to the filing of the

2   Complaint in Randall to date.

3       77.   Plaintiff and the Class request relief as described below.

4   ## FIFTH CAUSE OF ACTION

5   ### (Failure to Provide Adequate Rest Periods)

6       78.   The preceding paragraphs of this Complaint are re-alleged and incorporated

7   by reference.

8       79.   At all times herein relevant, section 226.7 of the California Labor Code and 8

9   California Code of Regulations section 11070 provided that employees must receive rest

10  periods of ten minutes for each four hours of work.

11      80.   Because Costco failed to provide the required rest breaks, it is liable to

12  Plaintiff and other Receiving Managers for one hour of additional pay at the regular

13  rate of compensation for each workday that the proper rest periods were not provided,

14  pursuant to Labor Code section 226.7 and California Code of Regulations section

15  11070, for the period of time from the three years prior to the filing of the Randall

16  Complaint to date.

17      81.   Reserved.

18      82.   Plaintiff and the Class request relief as described below.

19  ## SIXTH CAUSE OF ACTION

20  ### (Continuing Wages)

21      83.   The preceding paragraphs of this Complaint are re-alleged and incorporated

22  by reference.

23      84.   At all times herein relevant, Labor Code sections 201 and 202 provided that

24  employees must receive wages earned and unpaid promptly upon termination or

25  resignation.

26      85.   Because Costco has willfully failed to pay wages earned and unpaid

27  promptly upon termination or resignation, Costco is liable for continuing wages under

28  Labor Code section 203 for the period of time from four years prior to the filing of

22
COMPLAINT

1   the Complaint in <u>Randall</u> to date.

2       86.   Plaintiff and the Class request relief as described below.

3   **SEVENTH CAUSE OF ACTION**

4   **(Violations of Section 17200 *et seq.* of the California Business and Professions Code)**

5       87.   The preceding paragraphs of this Complaint are re-alleged and incorporated

6   by reference.

7       88.   Costco's acts constitute a continuing and ongoing unlawful activity

8   prohibited by section 17200 *et seq.* of the California Business and Professions Code,

9   and they justify restitution and the issuance of an injunction pursuant to section 17203

10   of the Business and Professions Code.

11       89.   Labor Code section 90.5(a) articulates the public policy of this State to

12   enforce minimum labor standards vigorously, including the requirements to pay

13   overtime and benefits pursuant to Labor Code sections 510, 515, 1194, and 1198; the

14   requirements to provide accurate itemized wage statements and to keep payroll

15   records pursuant to Labor Code sections 226, 226.3, 1174, and 1174.5; the

16   requirement to provide adequate meal and rest periods pursuant to Labor Code sections

17   226.7 and 512; and the requirement to pay wages earned and unpaid promptly upon

18   termination or resignation pursuant to Labor Code sections 201 and 202.  Costco's

19   conduct of requiring certain employees to work an excessive amount of hours in the

20   absence of overtime, without providing accurate itemized wage statements, without

21   providing adequate meal and rest periods, and without paying wages earned and

22   unpaid promptly upon termination or resignation directly violates state law, constitutes

23   unfair competition and/or unlawful and unfair acts and practices within the meaning of

24   section 17200 *et seq.* of the California Business and Professions Code.

25       90.   Through the wrongful and illegal conduct alleged herein, Costco has

26   acted contrary to the public policy of this State.

27       91.   Costco engaged in unlawful business acts and practices by violating

28   California law, including but not limited to, sections 201, 202, 226, 226.7, 510, 512,

1  515, 1174, 1194, and 1198 of the California Labor Code and 8 California Code of

2  Regulations section 11070.

3        92.    Under the provisions of the section 17203 of the California Business and

4  Professions Code, Plaintiff and each employee designated as a Receiving Manager

5  should receive restitution for Costco's failure to pay overtime wages, Costco's failure

6  to provide accurate itemized wage statements and to keep payroll records, Costco's

7  failure to provide adequate meal and rest periods, and Costco's failure to provide wages

8  earned and unpaid promptly upon termination or resignation, in a sum according to

9  proof for the period of time from the four years preceding the filing of the

10  Complaint in Randall to date.

11        93.    Plaintiff is informed, believes, and thereon alleges that Costco knew or

12  should have known that Receiving Managers did not qualify as exempt employees

13  and that Costco purposely elected not to pay them for their overtime labor.

14        94.    As a result of Costco's violations of the UCL, Costco has unjustly

15  enriched itself at the expense of Plaintiff, Class Members, and the general public.

16        95.    To prevent this unjust enrichment, Defendant should be required to make

17  restitution to Plaintiff and Members of the Class, as identified in this Complaint (and as

18  will be identified through discovery into Costco's books and records), for the period of

19  time from the four years preceding the filing of the Complaint in Randall to date.

20        96.    Plaintiff also requests that the Court enter such orders or judgments as may

21  be necessary to restore to any person in interest any money that may have been

22  acquired by means of such unfair practices, as provided in section 17203 of the

23  California Business and Professions Code.

24        97.    Plaintiff and Class Members are "persons" within the meaning of section

25  17204 of the California Business and Professions Code, and each has standing to bring

26  this claim for relief.

27        98.    Injunctive relief is necessary to prevent Costco from continuing to

28  engage in unfair business practices, as alleged herein.  Costco has done, or is now doing

1   and will continue to do or cause to be done, the herein-described illegal acts unless

2   restrained or enjoined by the Court.

3      99.   The conduct of Costco, as alleged herein, has been and continues to be

4   deleterious to Plaintiff, Members of the Class, and the general public. By this action,

5   Plaintiff seeks to enforce important rights affecting the public interest within the

6   meaning of section 1021.5 of the California Code of Civil Procedure.

7      100.   Pursuant to section 17203 of the California Code of Civil Procedure,

8   Plaintiff, on behalf of himself and all current and former managers, requests injunctive

9   relief and restitution of all sums obtained by defendants in violation of section 17200

10   *et seq.* of the California Business and Professions Code for the period of time from the

11   four years preceding the filing of the Complaint in <u>Randall</u> to date.

12      101.   Plaintiff and the Class also request relief as described below.

13   **WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

14   **As to the First Cause of Action:**

15      102.   For compensatory damages in an amount according to proof at time of trial

16   representing the amount of unpaid overtime compensation owed to Plaintiff and

17   Members of the Class for the period of time from four years prior to the filing of the

18   Complaint in <u>Randall</u> to date.

19      103.   For interest calculated according to law on any overtime compensation due

20   from the day such amounts were due for the period of time from four years prior to the

21   filing of the Complaint in <u>Randall</u> to date.

22      104.   For reasonable attorney's fees and costs of bringing this suit pursuant to

23   section 1194(a) of the Labor Code.

24   **As to the Second Cause of Action:**

25      105.   For compensatory damages in an amount according to proof at time of trial

26   for not providing accurate itemized wage statements to Plaintiff and Members of the

27   Class for the period of time from the three years prior to the filing of the Complaint in

28   <u>Randall</u> to date.

106.  For reasonable attorney's fees and the costs of bringing this suit pursuant to section 226(e) of the California Labor Code.

**As to the Third Cause of Action:**

107.  For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Members of the Collective Action for the period of time from three years prior to the filing of this Complaint to date.

108.  For liquidated damages pursuant to 29 U.S.C. § 216(b).

109.  For attorney's fees and the costs of bringing this suit pursuant to 29 U.S.C. § 216(b).

**As to the Fourth Cause of Action:**

110.  For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiff and Members of the Class for inadequate meal periods for the period of time from four years prior to filing the Complaint in <u>Randall</u> to date.

111.  For interest calculated according to law on any unpaid compensation due from the day such amounts were due for inadequate meal periods for the period of time from four years prior to filing the Complaint in <u>Randall</u> to date.

112.  For reasonable attorney's fees and the costs of bringing this suit.

**As to the Fifth Cause of Action:**

113.  For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Members of the Class for inadequate rest periods for the period of time from four years prior to filing the Complaint in <u>Randall</u> to date.

114.  For interest calculated according to law on any overtime compensation due from the day such amounts were due for inadequate rest periods for the period of time from four years prior to filing the Complaint in <u>Randall</u> to date.

115.  For reasonable attorney's fees and the costs of bringing this suit.

**As to the Sixth Cause of Action:**

116. For continuing wages pursuant to California Labor Code section 203 for each instance of the willful failure to pay wages.

117. For the costs of bringing this suit.

**As to the Seventh Cause of Action:**

118. For an order requiring Costco to show cause, if any, why it should not be enjoined, as set forth herein above, during and after the pendency of this action.

119. For an order that Costco pay restitution of sums to Plaintiff and to each Receiving Manager for Costco's past failure to pay overtime wages, withholding taxes, matching funds, Social Security, Medicare, Unemployment, and Worker's Compensation premiums in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint in Randall to date.

120. For an order that Costco pay restitution of sums to Plaintiff and to each Receiving Manager for Costco's past failure to provide accurate itemized wage statements and to keep payroll records in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint in Randall to date.

121. For an order that Costco pay restitution to Plaintiff and to each Receiving Manager for Costco's past failure to provide adequate meal and rest periods in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint in Randall to date.

122. For an order that Costco pay restitution to Plaintiff and to each Receiving Manager for Costco's past willful failure to pay wages earned and unpaid promptly upon termination or resignation in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the Complaint in Randall to date.

/

**As to All Causes of Action:**

    123.  For such other and further relief as this Court may deem fit and proper.

Plaintiff requests a trial by jury as to all causes of action.

DATED:  December 21, 2007

HARRIS & RUBLE

Alan Harris
*Attorneys for Plaintiff*

28

# EXHIBIT B

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION and DOE ONE through and including DOE TEN

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JESSE DRENCKHAHN, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 2 6 2007

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, 111 N. Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC382911** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Harris, Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036

DATE: DEC 2 6 2007   **JOHN A. CLARKE, CLERK** Clerk, by _____ M. GARCIA _____, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.   www.USCourtForms.com |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JESSE DRENCKHAHN | COSTCO WHOLESAE CORPORATION |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>HARRIS & RUBLE     Phone: 323-931-3777<br>Alan Harris, Esq.      Fax:    323-931-3366<br>David Zelenski, Esq.<br>5455 Wilshire Blvd., Suite 1800<br>Los Angeles, CA 90036 | Attorneys (If Known)<br>SEYFARTH SHAW LLP  Phone: 310-277-7200; Fax: 310-201-5219<br>Kenwood C. Youmans, Esq. (SBN: 68258; kyoumans@seyfarth.com)<br>David C. Kadue, Esq. (SBN: 113578; dkadue@seyfarth.com)<br>Timothy M. Rusche, Esq. (SBN: 230036; trusche@seyfarth.com)<br>2029 Century Park East, Suite 3300, Los Angeles, California 90067 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1  U.S. Government Plaintiff  ☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant  ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** **MORE THAN $23 MILLION**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441 and 1446; 29 U.S.C. § 207(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)                          **CIVIL COVER SHEET**                          | American LegalNet, Inc. | Page 1 of 2
                                                                                      | www.USCourtForms.com |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
COUNTY OF LOS ANGELES

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
STATE OF WASHINGTON

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
COUNTY OF LOS ANGELES

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** David D. Kadue _____   Date February 28, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV08- 1408 SJO (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JESSE DRENCKHAHN,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED**

PLAINTIFF(S)

v.

**COSTCO WHOLESALE
CORPORATION, ET AL.**

DEFENDANT(S).

CASE NUMBER

**CV08- 1408 SJO (PJWx)**

**NOTICE TO PARTIES OF ADR PILOT
PROGRAM**

Dear Counsel,

The district judge to whom the above-referenced case has been assigned is participating in an ADR Pilot Program. All counsel of record are directed to jointly complete the attached ADR Pilot Program Questionnaire, and plaintiff's counsel (or defendant in a removal case) is directed to concurrently file the Questionnaire with the report required under Federal Rules of Civil Procedure 26(f).

Clerk, U.S. District Court

02/28/08

Date

By: LHORN
_____

Deputy Clerk

SEYFARTH SHAW LLP
Kenwood C. Youmans (SBN 68258)
David D. Kadue (SBN 113578)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION;

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE DRENCKHAHN, individually and on behalf of all others similarly situated, | Case No. **CV08-01408** |
| Plaintiffs | **NOTICE OF REMOVAL** |
| v. | **[FEDERAL QUESTION AND CLASS ACTION FAIRNESS ACT]** |
| COSTCO WHOLESALE CORPORATION and DOE ONE through and including DOE TEN, | **"BY FAX"** |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND HIS COUNSEL OF

RECORD:

PLEASE TAKE NOTICE that Defendant, Costco Wholesale Corporation,

files this notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446,

asserting original federal jurisdiction under 28 U.S.C. Sections 1331, 1332(d)(2),

to effect the removal of the above-captioned action, which was commenced in the

Superior Court of the State of California in and for the County of Los Angeles, and

states that the removal is proper for the following reasons.

NOTICE OF REMOVAL