JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesse Drenckhahn, | Case No. 2:08-cv-01408-JHN-SSx |
| Plaintiff, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE UCL CLAIM** |
| vs. | |
| Costco Wholesale Corp. et al, | Judge: Honorable Jacqueline H. Nguyen |
| Defendants. | |

Before the Court is Plaintiff Jesse Drenckhahn's ("Plaintiff") only remaining cause of action, the Unfair Competition Law Claim (hereinafter, "UCL Claim"), an equitable claim to be decided by the Court. From January 4 through 13, 2011, all of Plaintiff's claims, with the exception of the UCL Claim, were tried before a jury. (Docket Nos. 198, 204, 206, 212, 216, and 223 [minutes of the jury trial].) The non-UCL claims covered the period of December 26, 2004 through October 23, 2005. The remaining UCL claim covers the year preceding December 26, 2004– i.e., December 26, 2003 through December 26, 2004. (Pl.'s Trial Br. UCL Claim at 1.)[1]

---

[1] The UCL Claim has a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Therefore, given the relatively longer statute of limitations of this claim, it

## I. INTRODUCTION

Plaintiff filed this lawsuit alleging the following causes of action: (1) failure to pay overtime compensation in violation of Cal. Lab. Code §§ 510, 515, 1194 and 1198; (2) failure to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226(e); (3) failure to pay overtime compensation in violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (4) failure to provide adequate meal periods in violation of Cal. Lab. Code § 226.7; (5) failure to provide adequate rest periods in violation of Cal. Lab. Code § 226.7; (6) "continuing wages" due to failure to pay unpaid wages upon termination (Cal. Lab. Code § 203); and (7) violations of the UCL, Cal. Bus. & Prof. Code § 17200. (*See* Notice of Removal, Ex. A [Compl.].)

The suit arises from Defendant Costco Wholesale Corporation's ("Costco") alleged failure to provide Plaintiff with overtime compensation and adequate meal and rest breaks during his tenure as a Costco receiving manager ("RM") from **December 26, 2003 through October 23, 2005**. On January 13, 2011, the jury returned a verdict with respect to the Labor Code- and FLSA-based claims. (Docket No. 226 [Redacted Verdict Form].) The jury found that, although Costco had "prove[n] it more probably true than not that Plaintiff . . . was exempt under federal law as a salaried manager," Costco had failed in proving that he was an

---

covers the year *prior to* that covered by the jury's award of damages to Plaintiff. "The California Supreme Court has held that a plaintiff is not entitled to more than a single recovery for each distinct item of compensable damage . . . ." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1005 (9th Cir. 2008) (citing *Tavaglione v. Billings*, 4 Cal. 4th 1150 (1993)). Furthermore, the Ninth Circuit has held that where a defendant's actions created two legal harms, "there is no double recovery." *Theme Promotions*, 546 F.3d at 1006 (citing *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994)). Here, because Plaintiff has already recovered damages for the period of December 26, 2004 through October 23, 2005 through the non-UCL claims, his recovery based on the UCL Claim is limited to the year prior to December 26, 2004.

exempt employee under the Labor Code. (*Id.*) In phase two, the jury awarded Plaintiff damages for eleven hours of overtime compensation per workweek, as well as two hours of meal-break premium compensation per workweek. (Docket No. 227 [Phase-Two Verdict Forms Redacted] at 2-3.) However, the jury also found that Plaintiff failed to prove that Costco denied Plaintiff any rest breaks. (*Id.* at 4.) Given the verdict, the central issue now remaining is Plaintiff's equitable UCL Claim covering the period of **December 26, 2003 through December 26, 2004.**

## II. FINDINGS OF FACT[2]

The evidence necessary to rule on the UCL Claim has already been introduced during the jury trial. While the Court recognizes that the jury's factual findings do not cover the period at issue, the evidence presented at trial leads the Court to the same conclusion reached by the jury with respect to the year prior to December 26, 2004.

Plaintiff was employed by Costco from approximately 1995 to 2006. (1/4/2011 Tr. [docket no. 240] at 5:19-21.) Between February 2002 and late 2005, he held the position of RM at stores in Culver City and Hawthorne, California. (*Id.* at 6:25-7:1-3; 10:11-13.)[3] While employed as an RM, Plaintiff took some time off from work between the period of May to November 2004 because of a knee injury. (*Id.* at 10:15-18.)

---

[2] The determinations made by the jury were limited to the period *after* December 26, 2004. As to the year *before* December 26, 2004, the Court must make the necessary findings to establish whether Costco violated the relevant provisions of the California Labor Code during the period at issue. (Docket No. 224 [Court's response to Jury Note No. 1].) Therefore, the Court issues factual findings for the period of December 26, 2003 through December 26, 2004.

[3] Plaintiff held that position of RM at the Hawthorne warehouse from about August 2003 until about October of 2005. (1/4/2011 Tr. [docket no. 240] at 10:11-14.)

3

1    During his tenure as an RM, Costco misclassified Plaintiff as "exempt"
2  from state overtime laws to avoid paying overtime wages and other benefits. (*Id.*
3  at 13:1-7.) RMs like Plaintiff were scheduled to work for 9.5 hours per day, 47.5
4  hours per week. (1/5/2011 Tr. at 12:12-13 [docket no. 242].) However, on some
5  occasions, to "get the job done," RMs "might have to put in some extra hours."
6  (*Id.* at 12:14-15.) Plaintiff's "managerial" duties comprised a small portion of his
7  total work time, which often totaled more than forty-five hours per week. In fact,
8  as Greg Gardner[4] testified at trial, during the course of the day, an RM's "*primary*
9  *responsibility* is to ensure that . . . the merchandise that comes in, comes in in a
10 timely manner and that it's . . . being received in the proper fashion, primarily
11 accurately." (*Id.* at 17:23-18:4.) Plaintiff's assertion that he primarily engaged in
12 non-exempt work while employed as an RM is bolstered by Greg Carter's[5] own
13 admission that Plaintiff "[led] by example and literally walk[ed] the talk on a
14 daily basis." (1/5/2011 Tr. at 99:16-19 [docket no. 241].) Plaintiff was neither
15 afforded overtime pay nor adequate meal breaks, although he often worked at
16 least ten, and often as many as twelve, hours per day.[6]

---

[4] Greg Garner is a General Manager for Costco's Cypress branch. (1/5/2011 Tr. at 4:19-5:4 [docket no. 242].) Garner also served as a General Manager at Costco's Hawthorne Branch. (1/5/2011 Tr. at 178:1-2 [docket no. 241].)

[5] Greg Carter was a General Manager for Costco's Hawthorne branch during Plaintiff's tenure there as an RM. (1/5/2011 Tr. 28:25-29:1 [docket no. 241].)

[6] Plaintiff claims that he was not afforded adequate rest breaks as required by Cal. Lab. Code § 226.7. (Pl.'s Trial Br. UCL Claim at 5-6.) However, his own testimony undercuts this specific claim. Plaintiff admitted that he decided when employees could take rest breaks, which included his own rest break. (1/4/2011 Tr. at 61:22-24.) Plaintiff also admitted that no one told him that he could not take a rest break as a receiving manager. (1/13/2011 Tr. [docket no. 246] at 17:4-20.) Based on Plaintiff's own testimony, the Court finds that Plaintiff failed to prove that Costco denied him any rest breaks during the period of December 26, 2003 through December 26, 2004.

### III. CONCLUSIONS OF LAW

The issue presented is the amount of restitution that should be awarded to Plaintiff for his UCL Claim. Costco asks the Court to rule that Plaintiff may not recover section 226.7 pay for missed meal and rest breaks as restitution under the UCL. On the other hand, Plaintiff seeks to recover restitution based on UCL claim in the sum of $38,459.27. Based on the evidence highlighted above, the Court concludes that during the relevant period, Costco misclassified Plaintiff as "exempt" from state overtime laws.[7] Therefore, the question now is the amount of restitution that should be awarded to Plaintiff.

**A.  Plaintiff's Unpaid Overtime Wages for the Period of December 26, 2003 Through December 26, 2004**

Overtime wages may be recovered as restitution under UCL. *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal. 4th 163, 177 (2000) (holding that court-issued "orders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by section 17203"). Here, Plaintiff seeks to recover overtime wages in the sum of $31,594.40 ($6,609.37 (pre-medical leave) plus $24,985.03 (post-medical leave)). (Pl.'s Trial Br. UCL Claim at 25.) The amount sought is based on 2.2 hours of overtime per day, which tracks the jury's finding that Plaintiff worked an average of 11 hours of overtime per week. The jury's finding as to the number of overtime hours Plaintiff worked per week is supported by evidence presented at the trial. Therefore, while the Court recognizes that it is not bound by the jury's findings with regard to the period at issue, the Court finds that the jury's finding is reasonable. The Court likewise finds that Plaintiff has sustained his burden of proof and his issue, and

---

[7] To the extent any findings of fact may be deemed conclusions of law, they shall also be considered conclusions. Similarly, to the extent any conclusions as stated may be deemed findings of fact, they shall also be considered findings.

5

1 that he is entitled to recover 2.2 hours of overtime per day for a total of
2 $31,594.40.

3 **B.     Whether Plaintiff is Entitled to § 226.7 Pay**

4       Plaintiff asserts that he is entitled to recover § 226.7 pay for missed meal
5 breaks. Although employers must provide employees with meal and rest breaks
6 under Cal. Lab. Code § 512(a), they need not guarantee that employees take
7 breaks. *White v. Starbucks Corp,* 497 F. Supp. 2d 1080, 1088-1089 (N.D. Cal.
8 2007) (concluding that "the California Supreme Court, if faced with this issue,
9 would require only that an employer offer meal breaks, without forcing
10 employers actively to ensure that workers are taking these breaks"); *see also*,
11 *Hernandez v. Chipotle Mexican Grill, Inc.*, 189 Cal. App. 4th 751, 754 (Cal. App.
12 2d Dist. 2010) (holding that employers must provide employees with breaks, but
13 need not ensure employees take breaks), *review granted,* 246 P.3d 612 (Cal.
14 2011).

15       Here, there is sufficient evidence that Costco provided Plaintiff with meal
16 breaks. Plaintiff admitted at the trial that no one told him he could not take a
17 meal break as an RM. (1/13/2011 Tr. at 17:8-10). Plaintiff also admitted that
18 during the course of the day, he was able to leave the receiving department.
19 (1/13/2011 Tr. at 17:17-20.) Indeed, Plaintiff testified that he was responsible for
20 deciding when other employees in his department could take breaks (1/4/2011 Tr.
21 61:22-24), and it is reasonable to assume that he was in-charge of
22 his own breaks (1/13/2011 Tr. at 17:14-16). Based on Plaintiff's own testimony,
23 he was completely in control of his own schedule, and Costco did not deprive him
24 of the ability to take his meal breaks. Therefore, the Court finds that Plaintiff is
25 not entitled to recover § 226.7 pay for missed meal breaks as there was no § 512
26 violation.

27
28

Since the Court has concluded that there was no § 512 violation, it need not reach the issue of whether § 226.7 payments for missed meal breaks are recoverable as restitution under the UCL.

## IV. CONCLUSION

For the reasons stated above, the Court awards Plaintiff overtime wages in the sum of $31,594.40 pursuant to the UCL Claim. The Court denies Plaintiff's request for § 226.7 pay for missed meal and rest breaks.

Plaintiff is ordered to lodge a proposed judgment within 10 days from the date of this order.

**IT IS SO ORDERED.**

Dated: August 24, 2011

_____
Honorable Jacqueline H. Nguyen
UNITED STATES DISTRICT COURT